The order below is hereby signed.

Signed: July 01, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                  UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA

In re                            )
                                 )
BRENDA A. CUNNINGHAM,             )   Case No. 08-00426
                                 )   (Chapter 7)
         Debtor.                 )   Not for Publication in
                                 )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER GRANTING
APPLICATION FOR WAIVER OF THE FILING FEE

On June 22, 2008, the debtor filed an Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments (Docket Entry ("DE") No. 21, re-docketed as DE No. 26).  Pursuant to 28 U.S.C. § 1930 as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. 109-8 (effective October 17, 2005), this court

> may waive the filing fee in a case under
> chapter 7 of title 11 for an individual if
> the court determines that such individual has
> income less than 150 percent of the income
> official poverty line . . . applicable to a
> family of the size involved and is unable to
> pay that fee in installments.

28 U.S.C. § 1930(f)(1).

The debtor's application reflects that the debtor is from a

two-person family, has a combined monthly income of $882.31, and monthly expenses of $581.00, leaving her with monthly disposable income of $301.31.  The debtor's annual income of $10,587.72 is less than 150% of the income official poverty line applicable to a family of two under the 2008 Health & Human Services Poverty Guidelines, as required for waiver.[1]  Notwithstanding that the debtor's income exceeds her stated expenses by $301.31, a review of the debtor's Schedule J reveals that the debtor has likely underestimated her expenses for basic necessities such that the court deems it inappropriate to treat the $301.31 in stated disposable income as available for payment of the filing fee in installments.  For example, the debtor has allowed only $162.00 for the expense of food for a family of two, only $20.00 for transportation, and only $37.00 for recreation, newspapers, and magazines.  It is highly probable that the debtor's actual expenses for these items already exceed the amounts listed, and in any event, a modest fluctuation in the debtor's transportation

---

[1] Section 1930(f) specifies that the "official poverty line" figures used for purposes of the chapter 7 fee waiver refer to those "defined by the Office of Management and Budget ["OMB"], and revised annually in accordance with [§] 673(2) of the Omnibus Reconciliation Act of 1981 . . . ."  The Judicial Conference of the United States interprets this language to refer to the poverty guidelines maintained annually by the U.S. Department of Health and Human Services ("HHS") because the OMB has never issued poverty guidelines or thresholds.  According to the 2008 HHS Poverty Guidelines, the income official poverty line for a family of two in the District of Columbia is $14,000.00, and 150% of that figure is $21,000.00.

or food costs in any given month could easily offset the entire $301.31 amount.  As such, the court finds that the debtor has insufficient monthly disposable income available to pay the filing fee in installments.  Accordingly, it is

    ORDERED that the debtor's Application for Waiver of the Chapter 7 Filing Fee (DE Nos. 21 & 26) is GRANTED.

                                         [Signed and dated above.]

Copies to:
Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.